UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES E. WILLIAMS,

    Petitioner,

    v.

MICHAEL B. MUKASEY, *et al.*,[1]

    Respondents.

Civil Action No.  07-2040  (EGS)

## MEMORANDUM OPINION

In this action seeking a writ of habeas corpus, petitioner challenges his conviction entered by the United States District Court for the Southern District of Alabama.  He asserts that the sentencing court lacked subject matter jurisdiction over his criminal case, and that counsel rendered ineffective assistance.  Such claims must be presented to the sentencing court in a motion under 28 U.S.C. § 2255.  See Ojo v. Immigration & Naturalization Serv.,106 F.3d 680, 683 (5th Cir. 1997) (sentencing court is only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing); Taylor v. United States Bd. of Parole, 194 F.2d 882, 883 (D.C. Cir. 1952) (motion under Sec. 2255 is proper vehicle for challenging constitutionality of statute under which defendant is convicted).  Section 2255 provides specifically that:

---

[1]     Pursuant to Fed. R. Civ. P. 25(d)(1), the Court substitutes the current Attorney General, Michael B. Mukasey, as a named respondent.

1

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255 (emphasis added). Moreover, the ability to challenge a conviction by a motion to vacate sentence generally precludes a challenge by a petition for habeas corpus:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added).

The Court will dismiss the petition without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this same date.

Signed:   EMMET G. SULLIVAN
          United States District Judge

Dated:    January 6, 2008